WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Justin Miller, | ) | No. CV-15-02498-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Derek Ortiz, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 58.) For the reasons set forth below, Defendants' Motion for Summary Judgment is granted.

**I.     Background**

This case arises out of a collision between an Arizona Department of Public Safety ("DPS") patrol car driven by Defendant Derek Ortiz and a motorcycle ridden by Plaintiff Justin Miller. The facts that follow regarding the collision are undisputed. Facts that are in dispute, however, are noted and considered in the light most favorable to Plaintiff.

On the evening of November 11, 2014, Plaintiff became intoxicated at a friend's home. (Doc. 59 ¶ 1; Doc. 75 ¶ 1.) When it was time to leave, Plaintiff got on his motorcycle and rode eastbound on U.S. Highway 60 in Mesa, Arizona. (Doc. 59 ¶ 2; Doc. 75 ¶ 2.) Plaintiff did not have a motorcycle license. (Doc. 59 ¶ 3; Doc. 75 ¶ 3.) The exact manner and speed at which Plaintiff was traveling is disputed by the parties.[1] DPS

---

[1] It is disputed whether Plaintiff was "lane splitting." (Doc. 59 ¶ 8; Doc. 75 ¶ 8.) As described by Defendant, lane splitting is when a motorcyclist "passes other vehicles,

Officer Hiebert was traveling eastbound on U.S. Highway 60 when he saw Plaintiff and radioed to dispatch that a motorcyclist was traveling in excess of the speed limit in the high-occupancy vehicle ("HOV") lane and asked if there were any other officers in the area to intercept Plaintiff. (Doc. 59 ¶¶ 8, 10; Doc. 75 ¶¶ 8, 10.) Officer Hiebert began to pursue Plaintiff with his emergency lights and sirens activated. (Doc. 59 ¶ 11; Doc. 75 ¶ 11.) Officer Hiebert then witnessed Plaintiff veer quickly from the HOV lane to the far-right shoulder of the highway where DPS Officer Derfus was standing outside of his patrol unit attending to an abandoned vehicle. (Doc. 59 ¶¶ 12-14; Doc. 75 ¶¶ 12-14.) The parties dispute whether Plaintiff swerved at Officer Derfus. (Doc. 59 ¶¶ 18-23; Doc. 75 ¶¶ 18-23.)

Defendant Officer Ortiz was on-duty and parked at a nearby gas station when he heard Officer Hiebert's radio report of a motorcyclist traveling at a high rate of speed (Doc. 59 ¶ 29; Doc. 75 ¶ 29), and then Officer Derfus's subsequent report that the motorcyclist had swerved at him. (Doc. 59 ¶ 30; Doc. 75 ¶ 30.) Defendant Ortiz then proceeded to U.S. Highway 60 where he began to perform a traffic break[2] in an attempt to encourage Plaintiff to stop or slow down. (Doc. 59 ¶ 31; Doc. 75 ¶ 31.) Plaintiff estimated that he was one-half mile away when he saw Defendant Ortiz begin to perform the traffic break, roughly forty-seconds to one minute before the collision. (Doc. 59 ¶¶ 42-43; Doc. 75 ¶¶ 42-43.) Plaintiff continued to pass cars that were slowing down in response to the traffic break. (Doc. 59 ¶¶ 47-48; Doc. 75 ¶¶ 47-48.) Defendant Ortiz saw Plaintiff only briefly before his patrol car and Plaintiff's motorcycle collided. (Doc. 59 ¶ 34; Doc. 75 ¶ 34.) In an interview recorded just hours after the collision, Plaintiff could not recall whether he had hit Defendant Ortiz or if Defendant Ortiz had hit him. (Doc. 59

---

moving in the same, direction, within the same lane as those vehicles." (Doc. 58 at 4, n. 3.) Lane splitting is illegal in Arizona. Ariz. Rev. Stat. § 28-903(B)-(C). Although the exact speed at which Plaintiff was traveling is debated, he admitted to traveling at least seventy miles per hour. (Doc. 59 ¶ 9.)

[2] "A traffic break is a procedure wherein an officer weaves from one side of the road to the other, in front of traffic, to slow or stop traffic and cause a gap or 'break' in traffic." (Doc. 58 at 2, n.1.)

2

¶ 60; Doc. 75 ¶ 60.) Plaintiff pleaded guilty to felony reckless endangerment and driving under the influence. (Doc. 59 ¶ 61; Doc. 75 ¶ 61.)

Plaintiff has brought suit against the following parties: Defendant Derek Ortiz; Defendant Ortiz's wife, Defendant Jane Doe Ortiz; and Defendant State of Arizona. (Doc. 1-1 at 17.) Plaintiff asserts a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment against all Defendants (Count I); state law claims for negligence (Count II) and battery (Count III) against all Defendants; and respondent superior liability against Defendant State of Arizona (Count IV).[3] (Doc. 1-1 at 18-20.)

## II. Standard of Review

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). At this stage, the function of the judge is "not [] to weigh the evidence and determine the truth but to determine

---

[3] Plaintiff's claim for punitive damages against all Defendants (Count V) has been withdrawn. (Doc. 66 at 11.)

3

whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III. Discussion**

Derek Ortiz and the State of Arizona maintain that each are shielded from liability by qualified immunity and are entitled to judgment as a matter of law. (Doc. 58 at 1.) Because qualified immunity bears prominently on the outcome of Defendants' summary judgment motion, the Court will address it first.

More than a mere defense to liability, the doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity extends to an official's actions regardless of whether the "error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 555 U.S. at 231 (internal citation omitted). The doctrine provides government officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Hughes v. Kisela*, 862 F.3d 775, 782 (9th Cir. 2016) (citing *al-Kidd*, 563 U.S. at 743).

**A. Section 1983 claims**

**1. Defendant Derek Ortiz**

As a preliminary matter, the Court notes that Plaintiff has failed to delineate whether he is suing Defendant Ortiz in his official or individual capacity. (Doc. 58 at 3, n.2.) In making such a determination, the Court considers the essential nature of the suit. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995). A section 1983 suit against a state official for damages "necessarily implies a suit against them in their individual capacities." *Rogari v. Cal. Coastal Comm'n*, No. 98-55295, 1999 WL 693577, at *2 (9th Cir. 1999) (internal citations omitted). For that reason, it is assumed that Plaintiff brings

his section 1983 claim against Defendant Ortiz in his individual capacity.

Defendant Derek Ortiz moves for summary judgment as to Plaintiff's section 1983 claim on the basis that he is shielded from liability by qualified immunity. (Doc. 58 at 8-13.) To determine whether a government official is entitled qualified immunity, a court must consider: (1) whether the official violated the plaintiff's constitutional rights; and (2) whether the right was clearly established at the time of the incident. *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (citing *al-Kidd*, 563 U.S. at 731). Unless Plaintiff can prove Defendant Ortiz violated a constitutional right and that Plaintiff's right was "clearly established" at the time of the collision, Defendant Ortiz will be shielded from liability under the doctrine of qualified immunity. *al-Kidd*, 563 U.S. at 735. Courts exercise the discretion to determine which prong of the analysis to complete first. *Id.* (citing *Pearson*, 555 U.S. at 236). Moreover, courts are allowed to grant officials qualified immunity after completing only the second prong of the analysis "without resolving the often more difficult question whether the purported right exists at all." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citing *Pearson*, 555 U.S. at 227).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Clearly established law should not be defined at a "high level of generality." *Id.* at 742. This is particularly true in the context of the Fourth Amendment, where "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal citation omitted).

/ / /

/ / /

5

In response to Defendant's contention that he is shielded from liability under section 1983 by qualified immunity, Plaintiff maintains that his right as a motorist, albeit one traveling above the posted speed limit, is "to be free from a state trooper using his patrol car as a deadly weapon to stop the speeding." (Doc. 66 at 6.) Yet Plaintiff concedes that there is no legal precedent regarding the use of traffic breaks in situations similar to the one presented here. (Doc. 66 at 6; Doc. 71 at 2.) Instead Plaintiff directs the Court to *Mullenix v. Luna* for the proposition that the officer's actions in *Mullenix* were similar to those taken by Defendant Derek Ortiz. (Doc. 66 at 5.) *Mullenix*, however, serves to further illuminate the "hazy legal backdrop" of excessive force cases involving police chases. 136 S. Ct. at 310. Moreover, *Mullenix* lends credence to the conclusion that because there is no case that "squarely governs" the facts of this case, Defendant Ortiz should be entitled to qualified immunity. *Id.*

Viewing the facts in a light most favorable to Plaintiff, Defendant Derek Ortiz was confronted with a situation in which he was alerted to the presence of a motorcyclist traveling at high speeds on U.S. Highway 60. (Doc. 59 ¶ 29; Doc. 75 ¶ 29.) Quickly thereafter, he was informed that the motorcyclist had swerved at another law enforcement officer. (Doc. 59 ¶ 30; Doc. 75 ¶ 30.) By Plaintiff's own estimation, Defendant Ortiz began to perform a traffic break at least one-half mile from Plaintiff with the intent to slow down or stop Plaintiff. (Doc. 59 ¶¶ 42-43, 55; Doc. 75 ¶¶ 42-43, 55.) Given these facts, Defendant's decision to perform a traffic break was a reasonable judgment call given the information he knew in the moment—that is, there was a speeding motorcyclist who was driving recklessly on a heavily trafficked and crowded highway and whose behavior presented an immediate threat to other motorists and law enforcement personnel. *See Longoria v. Pinal Cty.*, 873 F.3d 699, 704 (9th Cir. 2017) (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014)). In the moment, Defendant could hardly be expected to know that Plaintiff would continue to actively bypass other motorists to be "towards the front of traffic" (Doc. 75 ¶ 49) and that there would ultimately be a collision. Heeding the directive to avoid defining clearly established law

at a high level of generality and the lack of binding—or even sufficiently analogous—precedent, Plaintiff has failed to meet his burden of proving that there is clearly established law regarding the use of traffic breaks to slow down a speeding and reckless motorist such that Defendant Ortiz would have reasonably known that his actions were unconstitutional. *Pearson*, 555 U.S. at 231; *Maraziti v. First Interstate Bank of Cal.*, 953 F.2d 520, 523 (9th Cir. 1992); *Gillen v. Ariz.*, No. CV-15-00460-PHX-ROS, 2017 WL 4586670, at *10, n.13 (D. Ariz. 2017). Defendant Derek Ortiz is entitled to qualified immunity on Plaintiff's section 1983 claim. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). Accordingly, Defendant's motion for summary judgment is granted as a matter of law.

### 2. Defendant State of Arizona

Section 1983 provides a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Fey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (internal citation omitted). But a state is not a "person" under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Because the State of Arizona is not a person under section 1983, Plaintiff's claim pursuant to that provision against the State fails as a matter of law.[4]

### B. Negligence and battery claims

Plaintiff brings state law claims for negligence (Count II) and battery (Count III) against all Defendants. (Doc. 1-1 at 19.) Defendants Derek Ortiz and the State of Arizona have moved for summary judgment on the grounds that each are entitled to qualified

---

[4] To the extent that Plaintiff argues that Defendant State of Arizona is liable to Plaintiff for Defendant Ortiz's action by virtue of respondeat superior liability (Doc. 1-1 at 19), this claim fails as a matter of law. *Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010) ("There is no respondeat superior liability under § 1983." (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978))).

7

immunity under Ariz. Rev. Stat. § 12-820.02(A)(7). (Doc. 58 at 14-16.) The Court agrees, and Defendants' Motion for Summary Judgment is granted as a matter of law on Counts II and III.

Section 12-820.02(A)(7) provides that neither a public employee nor a public entity are liable for injuries to the driver of a motor vehicle when the injuries are attributable to the driver's violation of § 28-693, § 28-1381, or § 28-1382[5] of the Arizona Revised Statutes, *unless* the public employee acting within the scope of employment intended to cause injury or was grossly negligent. Ariz. Rev. Stat. § 12-820.02(A)(7). Here, Plaintiff pled guilty to felony reckless endangerment and driving under the influence. (Doc. 59 ¶ 61; Doc. 75 ¶ 61.) In light of these charges, Plaintiff's claims against Defendant Derek Ortiz and Defendant State of Arizona will only proceed if he can establish that Defendant Ortiz intended to cause Plaintiff's injuries or was grossly negligent.

Defendant Ortiz is a public employee, and Defendant State of Arizona is a public entity. Ariz. Rev. Stat. §§12-820(6)-(7). It follows then that Plaintiff's claims of ordinary negligence (Doc. 1-1 at 19) are insufficient to surpass the qualified immunity protections given to public employees and public entities when a person's injuries are attributable to driving under the influence and reckless driving. Ariz. Rev. Stat. § 12-820.02(A)(7); *DeVries v. State*, 221 Ariz. 201, ¶ 20, 211 P.3d 1185, 1191 (App. 2009). Accordingly, Plaintiff's negligence claims against Defendant Derek Ortiz and Defendant State of Arizona fail as a matter of law.

Similarly, even when viewed in a favorable light, Plaintiff has failed to set forth facts that support a finding that Defendant intended to cause Plaintiff harm so as to overcome the qualified immunity protections of Section 12-820.02(A)(7). It is undisputed that Defendant Ortiz began to perform a traffic break "to encourage [Plaintiff] to stop or

---

[5] Ariz. Rev. Stat. § 28-693 pertains to reckless driving. Ariz. Rev. Stat. § 28-1381 relates to driving a motor vehicle under the influence of an intoxicating liquor or drug, and Ariz. Rev. Stat. § 28-1382 regulates driving a motor vehicle under the *extreme* influence of an intoxicating liquor or drug.

8

slow down." (Doc. 59 ¶ 31; Doc. 75 ¶ 31.) It is undisputed that from his position—roughly one-half mile away—Plaintiff saw the traffic break being performed by Defendant Ortiz, but continued to pass other motorists and was "working [his] way to the front of the traffic." (Doc. 59 ¶¶ 42-43, 47-49; Doc. 75 ¶¶ 42-43, 47-49.) Again, Defendant Ortiz only saw Plaintiff briefly before the collision. (Doc. 59 ¶ 34; Doc. 75 ¶ 34.) Plaintiff also testified immediately after the accident that he was unsure if he had hit Defendant. (Doc. 59 ¶ 60; Doc. 75 ¶ 60.) Moreover, in his deposition testimony, Plaintiff stated that he did not know whether Defendant Ortiz had hit him intentionally. (Doc. 59 ¶ 59; Doc. 75 ¶ 59.) Because Plaintiff has not posited any facts that suggest Defendant Ortiz intended to harm Plaintiff, Defendant Ortiz and Defendant State of Arizona are entitled to qualified immunity. Ariz. Rev. Stat. § 12-820.02(A)(7). Thus, Plaintiff's battery claims fail as a matter of law.

### C. Claims against Defendant Jane Doe Ortiz

In addition to his claims against Defendant Ortiz and Defendant State of Arizona, Plaintiff also asserts Counts I-III against Defendant Ortiz's wife, Jane Doe Ortiz. (Doc. 1-1 at 18-19.) Because there are no facts to suggest Defendant Jane Doe Ortiz had any role in the collision between Plaintiff and Defendant Ortiz, Plaintiff's section 1983 claim against Defendant Jane Doe Ortiz fails as a matter of law. *Adkins v. Corrs. Corp. of Am.*, 681 F. App'x 579, 581 (9th Cir. 2017) ("An individual can be held liable pursuant to § 1983 only when there is 'a showing of personal participation in the alleged rights deprivation.'") (internal citation omitted). Similarly, Plaintiff has presented no theory of liability or facts to support his claims of battery and negligence against Defendant Jane Doe Ortiz. Aside from making her a party to the present suit (Doc. 1-1 at 11, 17-20), Plaintiff has not mentioned Defendant Jane Doe Ortiz at any other point during the course of this litigation. Accordingly, Plaintiff's remaining claims against Defendant Jane Doe Ortiz fail as a matter of law.

/ / /

/ / /

## IV. Conclusion

Finding that Defendants Derek Ortiz and the State of Arizona are shielded from civil liability by virtue of qualified immunity and that there is no basis for Plaintiff's claims against Defendant Jane Doe Ortiz, the Court grants summary judgment in favor of Defendant on each of Plaintiff's claims. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 58) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 22nd day of January, 2018.

Honorable Steven P. Logan
United States District Judge